UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KERRY PIERRE,

    *Petitioner,*

v.

    Case No.: 3:26-cv-1906-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

    *Respondents.*

_____/

## **ORDER**

Petitioner, an immigration detainee, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with several motions seeking a temporary restraining order, immediate release, and expedited consideration, as well as a declaration. (Docs. 1–5). He asks the Court to review whether his detention complies with the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act and to consider whether Respondents are adequately addressing his medical needs. (*See* Doc. 1 at 4–7). As relief, he seeks, among other things, release from custody. (*Id.* at 7–8).

A writ of habeas corpus may extend to an individual who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner has neither explained how his detention violates any constitutional or statutory right nor alleged sufficient facts to establish his entitlement to relief. Indeed, he does not actually claim

Respondents violated any particular right—instead, he asks the Court to essentially investigate whether he has any potential claims to challenge his detention. Further, Petitioner's assertions relating to his medical care while detained may be properly raised in a civil rights complaint—not a habeas petition. *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015)[1] ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)).

The Court also notes that it is unclear whether Petitioner personally signed the petition. The "signature" does not have any resemblance to Petitioner's name, and notably, the Court received similarly-formatted petitions and related filings in several other cases—all postmarked from Winter Haven, Florida. See Case Nos. 3:26-cv-1907-JEP-MCR; 3:26-cv-1911-MMH-LLL; 3:26-cv-1913-JEP-MCR. Petitioner is advised that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified

---

[1] This Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060-61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

by the person for whose relief it is intended or by someone acting in his behalf."

28 U.S.C. § 2242. Additionally, Federal Rule of Civil Procedure 11(a) provides,

"Every pleading, written motion, and other paper must be signed by . . . a party

personally if the party is unrepresented." Thus, should Petitioner choose to

refile his claims, he must personally sign all filings.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241

   (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any motions as moot, enter

   judgment dismissing the petition without prejudice, and close the

   file.

3. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241

   habeas petition form. Petitioner should use the form if he decides

   to initiate a new case in this Court. He should not put this case

   number on the form, because the Clerk will assign a new case

   number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida on July 29, 2026.

_____
         JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Kerry Pierre

3